■ ANTHONY GENTILE, Respondent-Appellant, and BETTY GENTILE, Respondent, v TERRACE HEIGHTS HOSPITAL, Defendant, and SIGMUND A. SIEGEL et al., Appellants-Respondents.—In an action to recover damages for medical malpractice, etc., defendants Siegel and Harris appeal from (1) a judgment of the Supreme Court, Queens County, entered March 18, 1976, which is in favor of plaintiffs and against them, upon a jury verdict, and (2) so much of an order of the same court, dated September 27, 1976, as denied their motions for an order directing the entry of judgment in their favor or, in the alternative, for a new trial. Plaintiff Anthony Gentile cross-appeals from so much of the said judgment as is in his favor, on the ground of inadequacy. Judgment reversed and order reversed insofar as appealed from, on the law and in the interest of justice, and new trial granted as between the parties to this appeal, with costs to abide the event. No questions of fact have been considered on this appeal. Although a trial court is granted wide latitude in controlling the conduct of a trial, here the trial court exercised its discretion improvidently by: (1) interrupting the questioning of witnesses by appellants' counsel both on direct and cross-examination; (2) frequently summarizing the testimony of witnesses while they were still on the stand; (3) responding, on several occasions, to questions asked by counsel of the witness on the stand; and (4) continually admonishing appellants' attorneys that they were repeating material already in the record. This conduct, together with the trial court's sometimes abrupt manner towards appellants' attorneys in the presence of the jury, gave the distinct impression that the court favored the plaintiffs' case. The court's refusal to grant a short continuance to enable appellant Siegel's expert to testify was also unwarranted. The cumulative effect of this conduct was to unfairly and unreasonably restrict the manner in which the appellants' case was presented, and precluded the jury from rendering an impartial verdict. Martuscello, Acting P. J., Cohalan, Rabin and Suozzi, JJ., concur.

■ CHRISTIANE GOLDBERG, Respondent-Appellant, v RALPH GOLDBERG, Appellant-Respondent.—In a matrimonial action, (1) the defendant husband appeals from a judgment of the Supreme Court, Kings County, dated August 10, 1976, which, after a nonjury trial, *inter alia,* (a) granted a divorce to the plaintiff on the ground of cruel and inhuman treatment; (b) awarded custody of the parties' child to the plaintiff; (c) awarded plaintiff a counsel fee; and (d) directed the sale of the marital residence and an equal division of the proceeds therefrom; and (2) plaintiff cross-appeals, on the ground of inadequacy, from so much of the said judgment as awarded her a counsel fee. Judgment affirmed, with costs to the plaintiff. The trial court's determination is adequately supported by the record. Cohalan, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.