■ MARIA DUQUE, Respondent, v TOWN OF NORTH HEMPSTEAD, Respondent, and COUNTY OF NASSAU, Appellant.—In a negligence action to recover damages for personal injuries, the defendant County of Nassau appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered December 19, 1986, which, upon a jury verdict on the issue of liability, apportioned 10% of the fault to the plaintiff and 90% of the fault to the County of Nassau, and, upon a further jury verdict on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $95,000.

Ordered that the judgment is affirmed, with costs to the plaintiff.

On May 28, 1984, the plaintiff went to observe the annual Memorial Day parade held along Plandome Road in Manhasset. While walking on the side of Plandome Road, she tripped on an old, rusted, broken signpost stub protruding from the sidewalk and incurred personal injuries. The record contains evidence that the county owned and maintained the sidewalk in question and that the broken signpost had been at the site in that condition at least a year before the accident. Further, the record revealed that the signpost stub had been the subject of an effort to pound it into the ground, patch it over and cover it up, rather than remove it. Although written

notice of the subject obstruction or defect was concededly not given to the town or the county, it was the plaintiff's contention that the defendants themselves affirmatively created the condition (see, Freeman v County of Nassau, 95 AD2d 363).

After the plaintiff rested, the trial court dismissed the action against the town. As to the county, however, the court held that there was a prima facie case sufficient to permit the case to go to the jury to determine whether or not the county was responsible for the repair of the broken signpost. At that point, the county also rested.

On the next trial day, after the town was no longer a defendant and was not present in court, the county attempted to introduce evidence through a county highway construction supervisor that prior to the accident, there was an "agreement" between the town and county under which the town imposed a sidewalk tax for sidewalk repairs, and that the county was told not to touch those sidewalks. In effect, the county attempted to apply a provision of the Nassau County Administrative Code that became effective on January 1, 1986 (see, Nassau County Administrative Code § 12-4.1, as amended by Local Laws, 1985, No. 10 of County of Nassau). The trial court permitted an offer of proof on the proffered testimony but denied the county's request to present that testimony to the jury.

On the county's appeal, we find no reason to disturb the judgment. The county's contention that there was no evidence tying it to the broken signpost stub and to the repair of that condition is without merit. We find that the direct and circumstantial evidence created an issue of fact as to whether the county attempted to pound the broken signpost into the ground. There is, therefore, no basis for disturbing the jury's liability verdict against the county.

We find no merit to the county's further contention that the trial court erred in denying its application to present the evidence set forth in its offer of proof purporting to show that the town was responsible for the maintenance of the sidewalk along Plandome Road. We note that the county did not offer that evidence until after the action against the town had been dismissed, at which point neither the town nor its attorney was present in the courtroom and at a time after the county had originally rested.

Finally, the proof so offered was an attempt to apply to the May 28, 1984 accident an amendment to the Nassau County Administrative Code that did not take effect until January 1, 1986.

The county's contention that the damages award was excessive is also without merit. The 63-year-old plaintiff, a domestic for at least 19 years prior to the accident, and a right-handed person, incurred a compound fracture of the right distal radius and a dislocation of the right elbow, requiring insertion of a stainless steel plate and seven screws, which hardware remains in her arm. In addition, her orthopedic surgeon testified that she has a partial permanent disability. In view of the foregoing, the award of $95,000 is not excessive. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.