■ JOHN BERRY, Respondent, et al., Plaintiff, v JEWISH BOARD OF FAMILY & CHILDREN'S SERVICES, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Jewish Board of Family & Children's Services appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated December 1, 1989, as denied without prejudice to renew its motion to set aside a judgment in the action entered October 28, 1988, after determination of the appeal therefrom, and (2) from so much of an order of the same court, dated January 24, 1990, as, upon granting renewal and vacating the prior order dated December 1, 1989, denied vacatur of the judgment without prejudice to renew after the determination of the appeal from the judgment.

Ordered that the appeal from the order dated December 1, 1989, is dismissed, without costs or disbursements, as academic, that order was recalled and vacated by the order dated January 24, 1990; and it is further,

Ordered that the order dated January 24, 1990, is affirmed insofar as appealed from, without costs or disbursements.

The record reveals that, after judgment was entered in favor of the plaintiff John Berry in the principal sum of $1,200,000 against the defendant Jewish Board of Family & Children's Services (hereinafter JBFCS), the defendant JBFCS moved to set aside the judgment, *inter alia,* on the ground that it was procured by John Berry's fraud. Specifically, JBFCS contended that John Berry had obtained a grossly excessive damages award by falsely exaggerating the nature and extent of his injuries. Affidavit and videotape evidence was submitted in support of the application. In an order dated December 1, 1989, the Supreme Court denied the motion without prejudice to renew once a determination on the appeal by JBFCS from the judgment had been made by this court. JBFCS then moved, *inter alia,* to renew the motion to set aside the judgment. In an order dated January 24, 1990, the Supreme Court granted the motion to the extent of recalling and vacating the prior order dated December 1, 1989, but again denied the motion to set aside the judgment without prejudice to renewal after determination of the appeal. JBFCS has appealed from both orders.

The appeal from the order dated December 1, 1989, must be dismissed. That order was recalled and vacated by the order dated January 24, 1990; hence, no appeal can be taken therefrom.

With regard to the order dated January 24, 1990, we note that the Supreme Court refused to consider the merits of the appellant's claim that the judgment must be set aside, reasoning that the issue might be rendered academic in the event that this court ruled in favor of JBFCS on its appeal from the judgment. This was error, as the Supreme Court was obligated to decide the application before it and acted improperly in denying it without prejudice to renewal after this court's resolution of the related appeal. However, while we ordinarily would remit the matter to the Supreme Court for a new determination, we have now decided the related appeal from the judgment *(see, Berry v Jewish Bd. of Family & Children's Servs.,* 173 AD2d 670 [decided herewith]). Accordingly, in the interests of judicial economy and the expeditious resolution of this case, we decline to disturb the order dated January 24, 1990. However, JBFCS remains free to renew the application, if, after considering our disposition of the related appeal, it be so advised. Sullivan, J. P., Eiber, Balletta and O'Brien, JJ., concur.