■ JOHN BERRY, Respondent-Appellant, et al., Plaintiff, v JEWISH BOARD OF FAMILY & CHILDREN'S SERVICES, Appellant-Respondent, and HAWTHORNE CEDAR KNOLLS UNION FREE SCHOOL DISTRICT, Respondent.—In an action to recover damages for personal injuries, etc., the defendant Jewish Board of Family & Children's Services appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Vinick, J.), dated October 28, 1988, as, upon a jury verdict, is in favor of the plaintiff John Berry in the principal sum of $1,200,000, and the plaintiff John Berry cross-appeals from so much of the judgment as dismissed the complaint insofar as it is asserted against the Hawthorne Cedar Knolls Union Free School District.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff John Berry of a copy of this decision and order, with notice of entry, the plaintiff John Berry shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages in his favor to the principal sum of $100,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff John Berry so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff John Berry suffered a fractured elbow with complications on January 27, 1978, when he was 13 years old, while he was a student at the Hawthorne Cedar Knolls School. The injury occurred when he slipped on a patch of ice while being forcibly escorted to the principal's office by his teacher. After a trial, the jury found that the defendant Jewish Board of Family & Children's Services, which operated the school, was 100% at fault in the happening of the accident and that the plaintiff John Berry suffered damages in the principal sum of $1,200,000.

Contrary to the appellant-respondent's contention, the trial court properly permitted Dr. Pugh to testify regarding his opinion that the injuries sustained had corroborated the plaintiff's version of the accident. The appellant-respondent contends that the evidence was cumulative and should have been excluded, since Dr. Korn had already testified that the injury

was consistent with Mr. Berry's explanation of how the accident occurred. It is well settled that whether evidence should be excluded as cumulative rests within the sound discretion of the trial court *(see, Abbott v New Rochelle Hosp. Med. Center,* 141 AD2d 589).

We have reviewed all of the alleged charge errors committed by the trial court and find that none of the appellant-respondent's claims in that regard has merit.

The appellant-respondent further contends that the damage award was excessive. We agree. The record reveals that the primary injury sustained was a fractured right elbow and that the resulting complications were permanent. There was evidence that Mr. Berry could not lift his arm over his head and experienced a very sharp pain when he lifted anything over five or 10 pounds, but there was other evidence that the arm, although weakened and lacking full extension, was still used for a number of activities. There was no indication that the injury caused Mr. Berry constant and unremitting pain. Furthermore, when the injury initially occurred, Mr. Berry had a short hospital stay, did not require any operations and was back in school in a few days. Under the circumstances, the jury's award "shock[s] the conscience of this court" *(Schare v Welsbach Elec. Corp.,* 138 AD2d 477, 478) and was excessive to the extent indicated.

We have considered the appellant-respondent's remaining contentions and find them to be unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Balletta and O'Brien, JJ., concur.