■ MARIE LOUIS, Plaintiff, v RAYMOND G. ST. VICTOR et al., Defendants. (Action No. 1.) KATHLEEN GEARY, Plaintiff, v RAYMOND G. ST. VICTOR et al., Defendants. (Action No. 2.)

YOLETTE AGISTE, Plaintiff, v RAYMOND G. ST. VICTOR et al., Defendants. (Action No. 3.) WILNER DAUTRUCHE, Plaintiff, v KATHLEEN M. GEARY et al., Defendants. (Action No. 4.) MARTA ST. PIERRE et al., Respondents, v RAYMOND G. ST. VICTOR et al., Respondents, and JOHN M. DELAHUNTY et al., Appellants. (Action No. 5.) [609 NYS2d 32] —In five related actions to recover damages for personal injuries sustained as a result of an automobile accident, the defendants John M. Delahunty and Catherine Delahunty appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated January 2, 1992, as, upon a jury verdict which apportioned 28% of the fault in the happening of the accident to them, is in favor of the plaintiff Marta St. Pierre and against them in the principal sum of $210,000 ($115,000 for past pain and suffering and $95,000 for future pain and suffering), and is in favor of the plaintiff Pharota Moise and against them in the principal sum of $237,000 ($125,000 for past pain and suffering and $112,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted to the appellants on the issue of damages only, unless (1) within 20 days after service upon the plaintiff Marta St. Pierre of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages in her favor and against the appellants to $90,000 for past pain and suffering and $60,000 for future pain and suffering, and to the entry of an amended judgment accordingly, and (2) within 20 days after service upon the plaintiff Pharota Moise of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages in her favor and against the appellants to $100,000 for past pain and suffering and $75,000 for future pain and suffering, and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event that the plaintiff Marta St. Pierre so stipulates, then the judgment as so reduced and amended, is affirmed insofar as appealed from with respect to her, without costs or disbursements; and it is further,

Ordered that in the event that the plaintiff Pharota Moise so stipulates, then the judgment as so reduced and amended,

is affirmed insofar as appealed from with respect to her, without costs or disbursements.

The instant action arose out of an automobile accident on January 2, 1987, on the Northern State Parkway, near the intersection with South Oyster Bay Road exit. At about 7:30 A.M., three vehicles owned and operated by Raymond G. St. Victor, Kathleen Geary, and John Delahunty, respectively, were traveling in an eastbound direction.

The St. Victor van was in the right lane, the Geary car was in the left lane one car length behind the St. Victor van, and the Delahunty car was in the left lane behind Geary. In the right lane underneath the South Oyster Bay Road overpass, a New York State Department of Transportation flatbed truck was either parked or moving very slowly. The truck blocked the right lane, causing the eastbound traffic to merge into the left lane. There were no flags or cones to alert drivers of the presence of the truck. However, there was a partially illuminated arrow on the rear of the truck.

The St. Victor van hit the truck, and swerved into the left lane immediately in front of the Geary car. There was contact between the St. Victor van and the Geary car, and the driver of the Delahunty car applied the brake and skidded 10 feet or less before hitting the Geary car. As a result of the accident, the plaintiffs, who were passengers in the St. Victor van, suffered bodily injuries.

The plaintiff Marta St. Pierre suffered a lacerated extender tendon and severed radial digit nerve in her left thumb which were surgically repaired. The plaintiff Pharota Moise suffered a fracture of both bones in the left forearm, requiring surgery to insert a metal plate and screws to properly reset the bone.

Contrary to the appellants' contentions, the evidence presented at trial supports the jury's determination that the driver of the Delahunty car was 28% at fault for the injuries to the plaintiffs (see, Delgado v Board of Educ., 65 AD2d 547, affd 48 NY2d 643). Whether the jury found that the Delahunty car had pushed the Geary car into the van or hit the Geary car after it struck the van, it was reasonable for the jury to conclude that the additional impact caused by Delahunty's negligent driving exacerbated the plaintiffs-respondents' injuries.

The appellants contend that the award was excessive. We agree. Each plaintiff's injury required hospitalization and surgery. However, their hospital stays were brief, each plaintiff regained use of their injured limb and, at the time of the

trial, each plaintiff had returned to work. Moreover, damage awards for such injuries have historically been lower than those awarded in the instant case *(see, Rodriguez v City of New York,* 191 AD2d 420, 421; *Berry v Jewish Bd. of Family & Children's Servs.,* 173 AD2d 670, 671; *Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680; *Duque v Town of N. Hempstead,* 133 AD2d 804, 806). Accordingly, the jury's award was excessive to the extent indicated.

The appellants' remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.