■ GILAD GILADOV, an Infant, by His Father and Natural Guardian, DANIEL GILADOV Appellant, et al., Plaintiff, v ARTHUR KURZWEIL, Respondent. [632 NYS2d 164] —In an action to recover damages for personal injuries, etc., the plaintiff Gilad Giladov appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Held, J.), entered April 18, 1994, which, upon a jury verdict finding that the defendant was 90% at fault in the happening of the accident and finding that the plaintiff Gilad Giladov had suffered damages in the principal sum of $60,000 for past pain and suffering and loss of the enjoyment of the pleasures of life, is in his favor in the principal sum of only $54,000.

Ordered that the judgment is affirmed, with costs.

On April 19, 1991, the appellant, Gilad Giladov, who was then 11 years old, was riding his bicycle when he was struck by a car driven by the defendant. The appellant sustained a fracture to his left elbow that required surgery, the insertion of pins, and a removable cast. He remained in the hospital for 10 days. At the time of trial, the appellant had no functional disability, and he had a full range of motion in his left arm. The jury awarded the appellant $60,000 for past pain, suffering, and loss of the enjoyment of the pleasures of life and nothing for future pain, suffering, and loss of the enjoyment of the pleasures of life.

Contrary to the appellant's contention, under the circumstances of this case, the damages awarded do not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Rivera v State of New York,* 205 AD2d 602). Moreover, the jury's determination not to award damages for future pain, suffering, and loss of enjoyment of the pleasures of life was proper in light of the facts that the appellant has no functional disability and he has full range of motion in his left arm.

The record does not support the appellant's contention that the trial court's questioning of the witnesses adversely affected the jury's view of the merits of the appellant's claim. The questions that the trial court asked were intended to clarify the testimony and expedite the orderly progress of the trial. There is no evidence in the record that the appellant was prejudiced by the court's questions *(see, Pallotta v West Bend Co.,* 166 AD2d 637, 639; *Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345, 348; *cf., Lopez v Linden Gen. Hosp.,* 89 AD2d 1010; *Gentile v Terrace Hgts. Hosp.,* 57 AD2d 585). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.