■ PATRICK J. POGGI, Appellant, v THOMAS F. SEXTON et al., Respondents. [669 NYS2d 878] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated March 5, 1997, which, upon a jury verdict finding the defendants 100% at fault in the happening of the accident, a subsequent jury verdict awarding him $5,000 for past pain and suffering, an order of the same court dated December 10, 1996, which granted his motion pursuant to CPLR 4404 (a) to set aside the jury verdict only to the extent that a new trial was directed on the issue of damages unless the defendants stipulated to increase the damages awarded to the plaintiff only to $15,000, and the stipulation of the defendants, is in his favor and against the defendants in the principal sum of only $15,000.

Ordered that the judgment is affirmed, with costs.

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" (*Schare v Welsbach Elec. Corp.*, 138 AD2d 477, 478; *see, Jandt v Abele*, 116 AD2d 699). Its verdict should not be set aside unless it could not have been reached by any fair interpretation of the evidence adduced at trial (*see, Policastro v Savarese*, 171 AD2d 849). Only where the award "deviates materially from what would be reasonable compensation" can a new trial be granted (CPLR 5501 [c]).

The Supreme Court's additur to the verdict, to which the defendants stipulated, adequately compensated the plaintiff for his past pain and suffering. Moreover, the jury's determination

that the plaintiff was not entitled to recover damages for future pain and suffering was based upon a fair interpretation of the evidence (*see, Giladov v Kurzweil*, 220 AD2d 481). Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.