■ CHARLES GRAZIER, Respondent, v SNAP-ON CORPORATION, Also Known as SNAP-ON TOOLS CORPORATION, Appellant, et al.,

Defendants. [718 NYS2d 865] —In an action to recover damages for personal injuries, the defendant Snap-On Corporation, a/k/a Snap-On Tools Corporation, appeals from (1) a judgment of the Supreme Court, Orange County (Slobod, J.), dated September 20, 1999, which, upon a jury verdict finding the appellant 100% at fault in the happening of the accident, and awarding the plaintiff damages in the principal sum of $162,333.52 ($4,333.52 for past medical expenses, $5,000 for past loss of earnings, $66,000 for past pain and suffering, $3,000 for future medical expenses, and $84,000 for future pain and suffering), is in favor of the plaintiff and against it, and (2) an order of the same court, dated December 23, 1999, which denied its motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

The plaintiff was injured when a tool chest manufactured by the appellant, Snap-On Corporation, a/k/a Snap-On Tools Corporation, detached from another tool chest manufactured by the appellant when he attempted to move it. The jury found the appellant 100% at fault in the happening of the accident.

Contrary to the appellant's contention, the Supreme Court properly denied its motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial (*see, Nicastro v Park,* 113 AD2d 129). The plaintiff's description of the occurrence was sufficient to establish that the defective attachment and sharp edge of the tool chest proximately caused his injury (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102). It was not necessary that the plaintiff positively exclude every possible cause of the accident (*see, Gayle v City of New York,* 92 NY2d 936). The proof need only render the other possible causes so remote or technical that the verdict is based on logical inferences drawn from the evidence (*see, Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743).

Moreover, in view of the nature and extent of the injury to the then-28-year-old plaintiff's dominant right hand, and the fact that he depended on his hands for his livelihood, the verdict is not excessive (*see, Nussbaum v Gibstein,* 73 NY2d 912).

The appellant's remaining contentions are without merit. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.