■ KRISTA SACHSE, an Infant, by Her Mother and Natural Guardian, DESIREE SACHSE, Respondent, v METRO P.T., P. C., et al., Appellants. [729 NYS2d 910] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), entered May 9, 2000, which, upon their default in appearing or answering, and upon their appearance at an inquest on the issue of damages, finding that the plaintiff Krista Sachse had sustained damages of $400,000 for past pain and suffering and $400,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $800,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new inquest is granted on the issue of damages only, unless within 30 days after service upon Desiree Sachse of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the verdict from the total amount of $800,000 to $400,000 ($250,000 for past pain and suffering and $150,000 for future pain and suffering) and the entry of an appropriate amended judgment accordingly; in the event that Desiree Sachse so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The award of damages materially deviates from reasonable compensation to the extent indicated (see, CPLR 5501 [c]). Accordingly, we have directed a new trial on the issue of damages unless Desiree Sachse stipulates to a reduction thereof. In the event that a new trial is held, the resulting damages award should be itemized pursuant to CPLR 4111 (f).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.