■ SAMANTHA AREVALO, Respondent, et al., Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [789 NYS2d 899]—In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), dated July 23, 2003, which, inter alia, upon a jury verdict awarding the plaintiff Samantha Arevalo damages in the principal sums of $500,000 for past pain and suffering, $875,000 for future pain and suffering, and $100,000 for future medical expenses, and upon an order of the same court dated June 11, 2003, granting its motion pursuant to CPLR 4404 to set aside the verdict on damages only to the extent of reducing the award

for future medical expenses from the sum of $100,000 to the sum of $22,600, is in favor of the plaintiff Samantha Arevalo and against it in the principal sum of $1,397,600.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding the plaintiff Samantha Arevalo damages in the sums of $500,000 for past pain and suffering and $875,000 for future pain and suffering and substituting therefor a provision granting a new trial on the issue of damages for past and future pain and suffering; as so modified, the judgment is affirmed, with costs payable to the appellant by the plaintiff Samantha Arevalo, those branches of the motion pursuant to CPLR 4404 which were to set aside the verdict as to damages for past and future pain and suffering are granted, and the order dated June 11, 2003, is modified accordingly, unless within 30 days after service upon her of a copy of this decision and order, the plaintiff Samantha Arevalo shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $500,000 to the sum of $250,000 and for future pain and suffering from the sum of $875,000 to the sum of $400,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Samantha Arevalo so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The award of damages to the plaintiff Samantha Arevalo (hereinafter the plaintiff) for future medical expenses, as reduced by the Supreme Court on her consent, did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). However, the jury awards to the plaintiff for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]; compare Charles v Day, 289 AD2d 190 [2001]; Giladov v Kurzweil, 220 AD2d 481 [1995]; Rivera v State of New York, 205 AD2d 602 [1994]; Berry v Jewish Bd. of Family & Children's Servs., 173 AD2d 670 [1991]).

The appellant's remaining contention is without merit. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.