■ VINCENTINE SINGH et al., Respondents, v CATAMOUNT DEVELOPMENT CORPORATION et al., Appellants. [801 NYS2d 290]—

Order, Supreme Court, New York County (Karen Smith, J.), entered on or about November 12, 2004, which, insofar as appealed from, granted plaintiffs' motion to set aside the jury's award of $18,000 for past pain and suffering and $0 for future pain and suffering, and directed a new trial on the issues of past and future pain and suffering, unanimously modified, on the facts, to condition the new trial upon defendant's refusal to stipulate, within 30 days after service of a copy of this order, with notice of entry, to increase the awards (before apportionment) for past and future pain and suffering to $200,000 and $100,000, respectively, and otherwise affirmed, without costs.

Plaintiff, then 14 years old, suffered a fracture dislocation of his left shoulder and an open compound fracture of his left femur when he skied out of bounds on defendants' mountain and caught his ski under a partially submerged cable that caused him to fall. Plaintiff underwent three surgeries on his fractured leg, including the implantation of an intramedullary rod and screws, and the subsequent removal of the same, and his leg was placed in traction during his two-week stay in the hospital. Plaintiff subsequently underwent two surgeries on his left shoulder, including a procedure to repair a condition that had caused him to suffer multiple postaccident dislocations of the shoulder. Plaintiff spent a total of 3½ months recuperating from his injuries and medical procedures, followed by physical therapy. Medical records reflect that plaintiff experienced initial pain as a consequence of his injuries, although evidence of his use of pain medication was scant. Plaintiff's injuries healed well, his pain diminished after only several months, and his range of motion in the affected areas was not measurably compromised. He returned to competitive downhill skiing approximately 10 months after the accident.

Plaintiff's orthopedic expert, whom plaintiff consulted on one occasion to obtain, inter alia, a second opinion on contemplated

shoulder surgery, opined, without rebuttal, that plaintiff would experience partial permanent disabilities of the left shoulder and left leg/hip area should he continue to engage in an active lifestyle and demanding sports such as skiing. We reject defendants' argument that such witness was a nontreating physician who was improperly permitted to testify as to the history of plaintiff's accident and his medical complaints. Such witness's testimony concerning the history of plaintiff's ski injuries, including the corrective medical procedures performed and his opinion of plaintiff's prognosis, was properly received into evidence as based not upon plaintiff's statements to him, but rather upon his own review of the medical reports, x-rays, CAT scans and other diagnostic tests admitted into evidence (cf. *Nissen v Rubin*, 121 AD2d 320, 321 [1986]). The witness merely educated the trier of fact of the nature and extent of the surgical procedures plaintiff underwent, and the objective signs of developing disabilities in the shoulder and hip.

The jury's awards for past and future pain and suffering deviated materially from what is reasonable compensation to the extent indicated (CPLR 5501 [c]; *cf. Perkins v McAlonen*, 289 AD2d 914 [2001]; *Yass v Liverman*, 233 AD2d 110 [1996]). Concur—Sullivan, J.P., Ellerin, Nardelli and Sweeny, JJ.