■ IRAKLY BIEJANOV, Respondent, et al., Plaintiff, v JENO DAVID GUTTMAN et al., Appellants, et al., Defendant. [826 NYS2d 111]—

In an action to recover damages for personal injuries, etc., the defendants Jeno David Guttman and 8645 Realty, LLC, appeal from an order of the Supreme Court, Kings County (Held, J.), dated March 10, 2005, which, upon a jury verdict in favor of the infant plaintiff, Irakly Biejanov, and against the defendant 8645 Realty, LLC, in the principal sums of $500,000 for past pain and suffering and $750,000 for future pain and suffering, denied that branch of their motion which was to set aside the damages verdict in its entirety and for a new trial on the issue of damages, and granted that branch of their motion which was to set aside the damages verdict as excessive only to the extent of directing a new trial on the issue of damages unless the plaintiffs stipulated to reduce the award for past pain and suffering from the sum of $500,000 to the sum of $250,000, and future pain and suffering from the sum of $750,000 to the sum of $350,000.

Ordered that the order is affirmed, with costs.

On July 20, 2002 the four-year old plaintiff, Irakly Biejanov, sustained injuries when a defective window in the building owned by defendant 8645 Realty, LLC, fell on his left hand. There was expert testimony that he fractured his thumb and his left index finger and suffered permanent nerve damage to the ulnar nerve. Shortly after the accident, he underwent surgery. Subsequent to the surgery, he could not fully straighten his left index finger and he lost partial feeling in his third finger.

To the extent that the defendant Jeno David Guttman advances contentions regarding the order, we note that the verdict was not rendered against him.

Under the facts of this case, the award of damages for past and future pain and suffering, as reduced, if stipulated to, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *compare Arevalo v New York City Tr.*

*Auth.*, 15 AD3d 512 [2005]; *Charles v Day*, 289 AD2d 190 [2001]; *Sachse v Metro P.T.*, 286 AD2d 682 [2001]; *Ubiles v Rosenzweig Lbr. Corp.*, 225 AD2d 468 [1996]; *Louis v St. Victor*, 202 AD2d 479 [1994]).

The remaining contention that the verdict on the issue of damages should be set aside because the Supreme Court erroneously admitted certain testimony is without merit. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.