■ JIN SIL KIM, Respondent, v CITY OF NEW YORK et al., Appellants. [844 NYS2d 702]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Taylor, J.), entered July 25, 2006, which, upon a jury verdict on the issue of liability finding the defendants 100% at fault in the happening of the accident, and a jury verdict on the issue of damages awarding the plaintiff damages in the principal sums of $200,000 for past pain and suffering and $1,000,000 for future pain and suffering, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against them in the principal sum of $1,383,876.76, representing the total net present value of the damages awards plus interest from October 8, 2004 to July 25, 2006.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages in the principal sum of $1,000,000 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $1,000,000 to the sum of $500,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the defendants' contention, the jury's liability verdict was supported by legally sufficient evidence and was not contrary to the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 133 [1985]).

However, the damages awarded to the plaintiff for future pain and suffering are excessive to the extent indicated herein, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Biejanov v Guttman*, 34 AD3d 710 [2006]; *Cabezas v City of New York*, 303 AD2d 307 [2003];

*Grazier v Snap-On Corp.*, 279 AD2d 448 [2001]; *Neils v Putnam Hosp. Ctr.*, 276 AD2d 607 [2000]; *Rahab v Verna*, 270 AD2d 472 [2000]).

The defendants' remaining contention is without merit. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.