■ MICHAEL KEANEY, Respondent, v CITY OF NEW YORK et al., Appellants. [881 NYS2d 143]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Sampson, J.), dated September 20, 2007, as, upon so much of a jury verdict on the issue of damages as awarded the plaintiff the sums of $700,000 for past pain and suffering and $900,000 for future pain and suffering, and upon so much of an order of the same court dated January 16, 2007, as denied those branches of the motion of the defendants New York City Board of Education and New York City School Construction Authority which were pursuant to CPLR 4404 to set aside as excessive the damages awarded for past and future pain and suffering, is in favor of the plaintiff and against the defendants New York City Board of Education and New York City School Construction Authority in the principal sums of $700,000 for past pain and suffering and $900,000 for future pain and suffering, respectively.

Ordered that the appeal by the defendant City of the New York is dismissed, as that defendant is not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, those branches of the motion of the defendants New York City Board of Education and New York City School Construction Authority which were pursuant to CPLR 4404 to set aside as excessive the damages awarded for past and future pain and suffering are granted, the order dated January 16, 2007, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issues of damages for past and future pain and suffering, unless within 30 days af-

ter service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $700,000 to the sum of $200,000, and to reduce the verdict as to damages for future pain and suffering from the sum of $900,000 to the sum of $300,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On August 24, 1999 the plaintiff, while working at a renovation project at Public School 99 in Queens, was struck on the right shoulder by two planks that fell from a 30-foot scaffold. The plaintiff's right scapula was fractured. The fracture ultimately healed. After a trial on the issue of liability, the defendants New York City Board of Education and New York City School Construction Authority were found to be 100% at fault in the happening of the accident. At the subsequent damages trial, the plaintiff presented evidence that he suffered from pain and restricted shoulder mobility, and that he still took painkillers three or four times a week. At the time of trial the plaintiff had not undergone any surgery. However, the medical witnesses for the plaintiff and the defendants agreed that the plaintiff could benefit from arthroscopic surgery on the affected shoulder. These witnesses also testified that the arthritis in the plaintiff's shoulder was not caused by the accident.

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Tyberg v Tomasino,* 19 AD3d 405 [2005]; *Pellegrino v Felici,* 278 AD2d 212, 213 [2000]). Under the circumstances presented herein, the jury awards of $700,000 for past pain and suffering and $900,000 for future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Singh v Catamount Dev. Corp.,* 21 AD3d 824, 825 [2005]; *Toscarelli v Purdy,* 217 AD2d 815, 818 [1995]; *cf. Kihl v Pfeffer,* 47 AD3d 154, 157 [2007]; *Chung v New York City Tr. Auth.,* 213 AD2d 619, 620 [1995]). Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.