■ MARIE CARMEN CHERY, Respondent, v LAVAUD SOUFFRANT et al., Appellants. [896 NYS2d 166]—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Rockland County (Garvey, J.), entered January 28, 2009, which, upon a jury verdict on the issue of damages, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence and for a new trial or, in effect, to set aside the verdict and for judgment as a matter of law, or to set aside the damages award as excessive, is in favor of the plaintiff and against them in the principal sum of $50,000.

Ordered that the judgment is affirmed, with costs.

This action arises from a two-car collision, occurring on July 24, 2006, in which a motor vehicle operated by the plaintiff was struck in the rear by a motor vehicle operated by the defendant Lavaud Souffrant and owned by the defendant Jean Ricot. At trial, the jury determined that, as a result of the subject motor vehicle accident, the plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of her usual and customary activities for not less than 90 days during the first 180 days immediately following the accident (*see* Insurance Law § 5102 [d]). The jury awarded the plaintiff the principal sum of $50,000 for pain and suffering. Thereafter, the defendants

moved to set aside the verdict as contrary to the weight of the evidence or, in effect, for judgment as a matter of law, or to set aside the damages award as excessive. The Supreme Court denied the motion.

For a court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Super-markets*, 86 NY2d 744, 746 [1995]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 845 [2006]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Torres v Esaian*, 5 AD3d 670, 671 [2004]). Here, the evidence was legally sufficient to support the jury's conclusion that, based on the evidence before it, the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of her usual and customary activities for not less than 90 days during the 180 days immediately following the subject motor vehicle accident (*see* Insurance Law § 5102 [d]). Additionally, the jury's finding in that regard was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]).

The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Keaney v City of New York*, 63 AD3d 794, 795 [2009]). Under the circumstances presented herein, the award did not deviate materially from what would be reasonable compensation.

The defendants' remaining contention is without merit. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.