In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Battaglia, J.), entered November 20, 2008, which, upon a jury verdict, is in favor of the defendants and against her, dismissing the complaint.
*501 Ordered that the judgment is affirmed, with costs.
On February 3, 2006, the plaintiff was a passenger on a bus bound for Atlantic City, which left the roadway of the Garden State Parkway, fell down an embankment, and turned over at least once. The bus was owned by the defendant Academy Bus, LLC, or the defendant Academy Express, LLC, and was being operated at the time of the occurrence by the defendant Rory Youman. At trial, the plaintiff attempted to establish that she had sustained a serious injury within the meaning of Insurance Law § 5102 (d) based on the existence of a compression fracture at the L5 vertebra. It was undisputed, however, that the plaintiff suffered from a congenital spinal disorder, had been experiencing pain in her spine since 1979, and had undergone reconstructive surgery of her spine in 1984. At trial, the jury determined that the accident on February 3, 2006, was not a substantial factor in bringing about the compression fracture.
The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the unsuccessful party that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Chery v Souffrant, 71 AD3d 715 [2010]; Ashby v Mullin, 56 AD3d 588 [2008]). “Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Torres v Esaian, 5 AD3d 670, 671 [2004]). Here, the jury's finding that the subject motor vehicle accident was not a substantial factor in bringing about the compression fracture was based on a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 744).
The plaintiffs remaining contentions are either unpreserved for appellate review or without merit. Prudenti, PJ., Skelos, Florio and Sgroi, JJ., concur.