In an action to recover damages for personal injuries, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 3, 2012, as denied those branches of its motion pur *942 suant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiff and against it on the issue of liability as against the weight of the evidence and for a new trial, or, in the alternative, to set aside the jury verdict awarding damages for past lost earnings and past pain and suffering as against the weight of the evidence and excessive, and (2) from a judgment of the same court dated June 21, 2012, which, upon the jury verdict and upon the order, is in favor of the plaintiff and against it in the principal sum of $371,644.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983 [2012]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129, 133 [1985]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Salony v Mastellone, 72 AD3d 1060, 1061 [2010]). Here, the Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against it on the issue of liability and for a new trial.
“The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation” (Graves v New York City Tr. Auth., 81 AD3d 589, 589 [2011]; see CPLR 5501 [c]; Chery v Souffrant, 71 AD3d 715, 716 [2010]; Keaney v City *943 of New York, 63 AD3d 794, 795 [2009]; Vaval v NYRAC, Inc., 31 AD3d 438, 438 [2006]). Here, the plaintiffs physician testified that the plaintiff suffered a “crush injury” to her finger which required her to undergo two surgeries. Despite the surgeries, the plaintiff testified that she continued to experience pain, numbness, tremors, loss of strength, and loss of motion in her finger and hand. The plaintiff established her claim for past lost earnings with reasonable certainty through her own testimony as well as the testimony of a forensic economist (see Janda v Michael Rienzi Trust, 78 AD3d 899 [2010]). Moreover, considering the nature and the extent of the injuries sustained by the plaintiff, the jury’s award for past pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Biejanov v Guttman, 34 AD3d 710 [2006]).
The defendant’s remaining contention is without merit.
Skelos, J.P, Lott, Roman and Cohen, JJ., concur.