In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kangs County (Bayne, J.), entered July 31, 2015, as, upon the granting of his motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages, failed to award him damages for future pain and suffering, and the defendants Robert J. Barsch and Jennifer L. Barsch cross-appeal, as limited by their brief, from so much of the same judgment as awarded the plaintiff the principal sum of $80,000 for past pain and suffering.
 

 Ordered that the judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and the entry of an appropriate amended judgment thereafter; and it is further,
 

 Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The plaintiff commenced this action to recover damages for personal injuries resulting from a motor vehicle accident on November 9, 2011. Following the liability phase of a bifurcated trial, the Supreme Court directed a verdict in favor of the plaintiff and against the defendants Jennifer L. Barsch and Robert J. Barsch (hereinafter together the Barsches) as to liability. The plaintiff and the Barsches proceeded to a trial on damages.
 

 At the damages trial, the plaintiff testified as to his symptoms and complaints. His expert, Jerry Lubliner, who was board-certified in orthopedic surgery and sports medicine, did not treat the plaintiff, but examined the plaintiff on March 6, 2014, more than two years after the accident. He reviewed the plaintiff’s medical records, magnetic resonance imaging (hereinafter MRI) reports, and actual MRI films. He concluded that the accident was the cause of bulging discs in the cervical and lumbar regions of the plaintiff’s spine, and a meniscal tear in his right knee. He testified that, by the time of his examination, 2V2 years after the accident, “you can realistically state that this is going to be a problem for the rest of [the plaintiff’s] life.” He opined that the plaintiff had suffered a permanent consequential loss of use of the lumbar region of his spine, as well as swelling, weakness, and loss of range of motion of his right knee. The Supreme Court did not allow Lubliner to testify about the plaintiff’s future treatment or prognosis because Lubliner only examined the plaintiff once and did not treat him. The court instructed the jury to consider the plaintiff’s damages from the date of the accident to the date of the verdict, and refused to submit the issue of future pain and suffering to the jury. The jury awarded the plaintiff damages in the principal sum of $80,000 for past pain and suffering.
 

 A treating physician may testify as to the plaintiff’s complaints and how the accident occurred, if the plaintiff’s statements to the physician are related to the diagnosis and treatment of the plaintiff (see People v Gross, 26 NY3d 689, 695-696 [2016]). That hearsay exception does not apply to a nontreating physician, “to prevent unfair bolstering of a party’s credibility” (Doliendo v Johnson, 147 AD2d 312, 320 [1989]). However, a nontreating physician is not precluded from testifying as to a relevant medical opinion (see id. at 320). A physician who sees the plaintiff once can testify as to the plaintiff’s future prognosis, even if the witness does not provide treatment (see Singh v Catamount Dev. Corp., 21 AD3d 824, 825 [2005]). Further, a nontreating physician can testify as to future pain and suffering (see id. at 825; DaSilva v State, 239 NYLJ 11, 2007 NY Misc LEXIS 8932 [Ct Cl 2007, claim No. 104938]). Thus, Lubliner was improperly precluded from testifying as to future pain and suffering. The weight to be given his testimony was a consideration for the jury. Further, the issue of damages for future pain and suffering should have been submitted to the jury. Accordingly, the plaintiff is entitled to a new trial on the issue of damages for future pain and suffering.
 

 Contrary to the Barsches’ contention, the award for past pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Hernandez v Metropolitan Tr. Auth., 101 AD3d 1083, 1083 [2012]; Hammond v Welsh, 29 AD3d 518, 519 [2006]; Semple v New York City Tr. Auth., 301 AD2d 514, 515 [2003]).
 

 The parties’ remaining contentions are without merit.
 

 Chambers, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.