Carino v Friendly Fruit, Inc. (2019 NY Slip Op 08373)





Carino v Friendly Fruit, Inc.


2019 NY Slip Op 08373


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10379 305535/10

[*1] Emilio B. Carino, et al., Plaintiffs-Appellants,
v
Friendly Fruit, Inc., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Burke, Conway & Stiefeld, White Plains (Michael G. Conway of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about August 15, 2018, which denied plaintiffs' motion to set aside the jury verdict on damages, unanimously affirmed, without costs.
Ample evidence supports the award to each plaintiff of damages for past and future pain and suffering and medical expenses, and the awards do not deviate materially from what would be reasonable compensation (CPLR 5501[c]; see Singh v Catamount Dev. Corp., 21 AD3d 824 [1st Dept 2005]; Donlon v City of New York, 284 AD2d 13 [1st Dept 2001]).
As the trial court noted, the photographs of the damaged van and the repair bill indicated that the damage from the collision was minimal, from which the jury could reasonably have inferred that the impact was minimal as well. None of the plaintiffs complained of pain to the police at the scene and none immediately sought medical attention.
Plaintiff Carino admitted that his body did not strike the interior of the van at the time of the impact and that he told the police that he was "very well." He returned to work two days after the accident, and at his deposition 17 months later, he testified that he was still performing construction work and working overtime and that he had no medical appointments scheduled. Carino did not complain of neck pain following the accident or while receiving physical therapy from March to November 2010. Moreover, Dr. Isaac Cohen, defendants' expert, testified that the pathology report following Carino's neck surgery in September 2011 noted that the disc material that was removed was degenerative fibrocartilage. The jury was free to accept the testimony of Dr. Cohen and Dr. Scott Coyne, defendants' other expert, that Carino did not sustain a traumatic injury as a result of the accident, and awarded him no damages related to his neck or back surgery, both of which Dr. Cohen opined were unnecessary (see Crooms v Sauer Bros. Inc., 48 AD3d 380, 382 [1st Dept 2008]). The jury's determination to award Carino nothing for future pain and suffering and future medical expenses was consistent with a determination that the injuries he sustained in the accident were not permanent and that his neck and back problems were not traumatically induced. On the issue of his past medical expenses, Carino presented no evidence.
Dr. Cohen testified that the back procedure performed on plaintiff Maldonado four years after the accident was not causally related to the collision and that his review of the MRIs of her right shoulder and lumbar spine did not reveal a traumatic condition. He opined that Maldonado did not sustain a permanent traumatic injury in the accident. Maldonado's primary care physician's medical records show that Maldonado made no complaints of back or shoulder pain during her annual physical examinations in 2011 through 2014 and that she continued to work. The jury was free to accept Dr. Cohen's testimony that Maldonado did not suffer any permanent traumatic injury in the accident and was therefore not entitled to an award for future pain and suffering.
The photographs from plaintiff Gonzalez's Facebook page from February 2016 through August 2016 undermine her claims by showing that she was in no apparent pain and was able to [*2]lift a heavy weight at a time when she was complaining to her doctor of extreme back pain. Other evidence shows that Gonzalez's body did not strike the interior of the van at the time of the accident and that she did not complain to her primary care physician about neck or back pain at her annual physical examinations in August 2010, January 2012 and January 2013. Moreover, Dr. Cohen testified that there was no evidence that Gonzalez sustained a pars fracture to her lower back, and he noted that her treating physician Dr. Mark Kramer found that she had a full range of motion in her shoulders. The jury was free to accept Dr. Cohen's testimony that the accident was not a substantial factor in any of Gonzalez's conditions and that she would not require future surgery or treatment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK