■ KONSTANTINOS KARAGIANNIS et al., Appellants, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 77716.)—Judgment unanimously modified on the law and facts and as modified affirmed without costs and matter remitted to Court of Claims for further proceedings in accordance with the following Memorandum: On June 12, 1988, claimant Konstantinos Karagiannis fell from a bridge while working as a painter and suffered personal injuries, the most serious of which was a fracture of the right heel. After claimant and his former wife were granted summary judgment on the issue of liability *(see,* Labor Law § 240 [1], [3]), a trial was held on damages. At the conclusion of trial, claimants were granted

judgment in the amount of $363,325, plus interest. On appeal, claimant contends that the award of damages was inadequate. He has also moved for an order compelling payment of the trial court's judgment (see, Court of Claims Act § 20 [5]).

"In a nonjury case, this court has the power to weigh conflicting testimony and inferences that may be drawn from such testimony and can grant the judgment which upon the evidence should have been granted by the trial court (Arnold v State of New York, 108 AD2d 1021, 1023, appeal dismissed 65 NY2d 723)" (Mesick v State of New York, 118 AD2d 214, 219, lv denied 68 NY2d 611; Koester v State of New York, 90 AD2d 357, 363-364). When, as here, the record is complete, that power extends to making an appropriate award of damages (see, Mesick v State of New York, supra, at 220; Koester v State of New York, supra, at 365). We find that the evidence in this case supports a judgment in the amount of $976,265, plus interest. In assessing claimant's damages, the trial court was inappropriately swayed by its disapproval of claimant.

It is uncontroverted that claimant's heel injury constitutes a permanent disability that precludes him from returning to work as a bridge painter. Because of his permanent pain, claimant cannot stand for longer than several minutes and is, therefore, unable to work in any job that requires standing, climbing or lifting. Claimant's future employment is limited to a sedentary job, never paying more than minimum wage. Claimant has only a limited education, consisting of less than eight years of schooling in Athens, Greece, and is unable to write in English. At trial, plaintiff's expert testified that claimant suffered past lost wages of $70,580 and future lost wages of $468,518. Although defendant disputed the methods of the expert, defendant offered no expert testimony of its own. The methods used by claimant's expert were not unreasonable and were fully supported. The trial court's awards of $50,000 and $150,000, for past and future lost wages, respectively, were arbitrary and can be explained only as the product of the trial court's opinion that claimant is a malingerer. The only competent evidence at trial regarding those items was offered by claimant. He is, therefore, awarded $70,580 and $468,518 for past and future lost wages, respectively.

Although the trial court properly awarded claimant $18,325 for past medical expenses, it inexplicably failed to award any amount for the future medical and rehabilitation expenses proven by claimant. Through medical and expert testimony, claimant established that his future medical and rehabilita-

tion expenses will amount to $63,842. The trial court's stated suspicion that claimant would not make use of an award for the claimed future expenses was not a sufficient reason to reject claimant's uncontradicted proof. Claimant is not entitled, however, to an additional $18,150 for an orthopedic bed and chair, having failed to offer proof that such items are required.

Based on the proof, the trial court's awards for past and future pain and suffering, $40,000 and $75,000 respectively, were also inadequate. Claimant has been in pain since the time of his accident, and the pain is unremitting and permanent. He has no feeling in two toes, his right leg is shorter than his left and its muscles have atrophied. Whether at work or play, claimant can no longer enjoy the activities in which he participated before the accident. Also, the demise of claimant's marriage was accelerated by the occurrence of the accident. Claimant's life has been permanently crippled by his accident, and we find that he is entitled to damages of $75,000 and $250,000 for past and future pain and suffering, respectively.

We further find that the record supports the trial court's awards of $25,000 for loss of household services and $5,000 for loss of consortium. Claimant and his wife had been married for only 2½ years before the accident, and, after two separations, the marriage had realistically ended nine months after the accident.

On remittal, the Court of Claims is to determine the form of the judgment pursuant to CPLR article 50-B. Claimant's motion to compel immediate payment of the amount awarded by the Court of Claims is now moot by virtue of our decision increasing the award. (Appeals from Judgment of Court of Claims, Hanifin, J.—Labor Law.) Present—Callahan, J. P., Boomer, Pine, Lawton and Boehm, JJ.