■ Luis A. Rivera et al., Appellants, v State of New York, Respondent. [613 NYS2d 253] —In a claim to recover damages for personal injuries, etc., the claimants appeal from so much of a judgment of the Court of Claims (Bell, J.), entered May 28, 1992, as, after a nonjury trial, awarded the claimant Luis Alexis Rivera damages in the principal sum of only $32,000 for past pain and suffering and $15,000 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision awarding damages for past pain and suffering in the amount of $32,000 and substituting therefor a provision awarding damages for past pain and suffering in the principal sum of $60,000; as so modified, the judgment is affirmed insofar as appealed from, with costs.

On July 17, 1989, the injured claimant, Luis Alexis Rivera, then three years old, fractured and dislocated his right elbow

while falling off a slide in a State park. After a nonjury trial, the Court of Claims determined that the sole cause of Luis's injury was a defectively-designed slide. Liability is not an issue on appeal.

As a result of this incident, Luis was taken to a local hospital, where it was determined that a surgical procedure was necessary to reset the elbow. Pins were also inserted to hold bone fragments together. Luis' arm remained in a cast for 6 weeks. During his convalescence, Luis complained of pain in his arm and had trouble sleeping. After a nonjury trial, the court, *inter alia,* awarded Luis the principal sum of $32,000 for past pain and suffering and $15,000 for future pain and suffering.

" 'In a nonjury case, this court has the power to weigh conflicting testimony and inferences that may be drawn from such testimony and can grant that judgment which upon the evidence should have been granted by the trial court' " *(Karagiannis v New York State Thruway Auth.,* 187 AD2d 1009, 1010, citing *Mesick v State of New York,* 118 AD2d 214, 219). When, as here, the record is complete, the power extends to making an appropriate award of damages *(see, Karagiannis v New York State Thruway Auth., supra).*

The award for past pain and suffering should be increased from $32,000 to $60,000. The nature and severity of Luis's initial injuries are uncontroverted. Therefore, the award of the Court of Claims for past pain and suffering should be increased to conform with recent awards for similar injuries *(see, Hodges v City of New York,* 195 AD2d 269; *Berry v Jewish Bd.,* 173 AD2d 670, 671).

However, the award for future pain and suffering should not be disturbed. Luis's treating physician's report indicated that shortly after the accident, Luis had regained full range of motion in his elbow. He had only slight diminution of the carrying angle in his elbow. Additionally, the court observed Luis use his arm throughout trial without any discomfort or limitation. Notably, neither Luis' treating physician nor his orthopedic expert could predict with any degree of certainty whether Luis would develop problems with his elbow in the future. Accordingly, the award of $15,000 for future pain and suffering was adequate. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.