■ KRISTEN N. DeLANY, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 86761.) [683 NYS2d 364] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Claimant appeals from a judgment of the Court of Claims awarding her $30,000 for past pain and suffer-

ing and $70,000 for future pain and suffering resulting from a severe ankle sprain and torn ligaments she sustained at Kring Point State Park. She contends that the award is inadequate. Defendant, State of New York (State), cross-appeals, contending that it is liable only for the injuries claimant sustained during the initial sprain, which resulted when a swing broke while claimant was using it, and not for subsequent injuries she sustained during athletic activities.

The court properly determined that claimant's ankle sprain was a substantial cause of claimant's subsequent falls and that the State is legally responsible for the injuries that resulted from the subsequent falls (*see, Zipprich v Smith Trucking Co.*, 2 NY2d 177, 180; *Goldman v State of New York*, 28 AD2d 782, 782-783). The court also properly determined that the athletic activities of claimant, in which she engaged with the approval of her treating physician, were not superseding intervening causes of her subsequent injuries (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784) and that, because she exercised ordinary and reasonable diligence in caring for her injuries, she was not contributorily negligent (*see, Goldman v State of New York, supra*, at 782-783; *see also, Wagner v Mittendorf*, 232 NY 481, 485-486). Contrary to the State's contention, the doctrine of assumption of the risk does not apply. To the extent that the proof established that the initial injury was a substantial cause of the subsequent injuries to her knee and hip, it cannot be said that claimant knowingly assumed the risk of such injuries merely by using the defective swing, i.e., that she assumed the risk that in future athletic contests her weakened ankle would give out and she would suffer further injuries (*see generally, Arbegast v Board of Educ.*, 65 NY2d 161, 169).

With respect to the damages award, " ' "[i]n a nonjury case, this court has the power to weigh conflicting testimony and inferences that may be drawn from such testimony and can grant that judgment which upon the evidence should have been granted by the trial court" ' [citations omitted]. When, as here, the record is complete, the power extends to making an appropriate award of damages" (*Rivera v State of New York*, 205 AD2d 602, 603; *see also, Doe v State of New York*, 189 AD2d 199, 207). The court found that claimant had a life expectancy of more than 57 years, during which she will face constant pain in her ankle and knee, and that she has suffered significant loss of enjoyment of life due to her injuries (*see generally, McDougald v Garber*, 73 NY2d 246, 256-257). We agree with those findings, but we conclude that the awards of dam-

ages for past and future pain and suffering are inadequate (*see, Karagiannis v New York State Thruway Auth.*, 187 AD2d 1009, 1010-1011, *lv dismissed* 81 NY2d 835). We therefore increase the awards of damages for past pain and suffering to $60,000 and for future pain and suffering to $200,000 and modify the judgment accordingly. (Appeals from Judgment of Court of Claims, Collins, J.—Negligence.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.