■ ROBIN A. BLAKESLEY et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 89609.) [734 NYS2d 800] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Following a trial on the issue of damages only, the Court of Claims awarded Robin A. Blakesley (claimant) past and future damages for injuries that she sustained while working on a State highway construction project in the Town of Chili in July 1992. Claimant suffers principally from mild to moderate posttraumatic stress disorder (PTSD). Defendant challenges the awards of $180,000 for past pain and suffering, $774,000 for future pain and suffering, $363,898 for future medical expenses, $77,016 for past lost earnings and $92,751 for future lost earnings.

On appeal from a judgment following a bench trial, this Court may "independently consider the probative weight of the evidence and the inferences that may be drawn therefrom, and grant the judgment that we deem the facts warrant * * * This Court's authority, in this regard, extends to the making of appropriate damage awards" (*Walsh v State of New York,* 232 AD2d 939, 940; *see, DeLany v State of New York,* 256 AD2d 1135, 1136). Upon our independent review of the record, we conclude that the award of nearly $1.5 million in past and future damages is not warranted by the facts.

The record establishes that claimant treated with a psychologist between September 1992 and September 1993. She returned to work three weeks after the accident and worked the remainder of that construction season and the construction seasons of 1993 and 1994. Although she has not worked in the construction field since 1995, there is no credible evidence that

she has been unable to resume such employment because of her PTSD. Since 1995 she has pursued her interests in other employment and, at the time of trial in 1998, she was fully employed in the antique furniture business and other business endeavors.

At the time of the accident, claimant was under psychiatric care for dysthymia. She began treatment for that condition in 1988 and it was uncontroverted at trial that she responded well to Prozac. Although dysthymia is a permanent condition requiring lifelong medication, claimant inexplicably stopped taking Prozac in 1995. In December 1997 she began treating with a clinical psychologist, who diagnosed her as suffering from mild to moderate PTSD and dysthymia, requiring counseling and Prozac.

Based upon the evidence presented at trial, we conclude that claimant is entitled to $2,539 for past lost earnings, representing the earnings lost when she was out of work for the initial three-week period after the accident, and that she is not entitled to future lost earnings. There is no evidence supporting the conclusion that claimant stopped performing construction work in 1995 because of PTSD, and there is no credible medical evidence that she is permanently disabled from engaging in such work in the future should she choose to do so.

We further conclude that claimant is not entitled to future medical expenses related to the cost of Prozac prescriptions. Claimant's preexisting condition requires such medication regardless of the PTSD. Claimant never explained why she stopped taking that medication in 1995, and she failed to call as a witness the psychiatrist who first diagnosed dysthymia and prescribed Prozac. Although claimant is entitled to future medical expenses related to the cost of counseling sessions, we reduce the award for future medical expenses to $5,600, representing the cost of 56 counseling sessions. There is no credible proof supporting the court's determination that claimant requires monthly counseling sessions for the next 43 years of her life. Indeed, her treating psychologist testified at trial that he expects her condition to improve. Claimant has demonstrated that, if she takes the Prozac prescribed for her dysthymia and practices the techniques that she has been taught to cope with the PTSD, the PTSD can be minimized.

Finally, we reduce the award for past pain and suffering to $100,000 and the award for future pain and suffering to $100,000. At worst, claimant's symptoms of PTSD are moderate, and they do not appear to be interfering with claimant's life in any significant way. Upon our review of the evidence

presented at trial, we conclude that the psychiatric condition of claimant at the time of trial was due in large measure to her failure to take the medication prescribed for dysthymia.

We thus modify the judgment by reducing the award of damages for past pain and suffering to $100,000, future pain and suffering to $100,000, past lost earnings to $2,539 and future medical expenses to $5,600 and by vacating the award of damages for future lost earnings, thereby reducing the award of past and future damages to $208,139 with interest at 9% per annum commencing August 17, 1998. In view of our determination, we do not address defendant's contentions concerning the application of CPLR article 50-B. (Appeal from Judgment of Court of Claims, Corbett, Jr., J.—Damages.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.