# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

587.1
CA 11-00157
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

EUGENE MARGERUM, ANTHONY HYNES, JOSEPH FAHEY,
TIMOTHY HAZELET, PETER KERTZIE, PETER LOTOCKI,
SCOTT SKINNER, THOMAS REDDINGTON, TIMOTHY
CASSEL, MATTHEW S. OSINSKI, MARK ABAD, BRAD
ARNONE, AND DAVID DENZ, PLAINTIFFS-RESPONDENTS,

                              V                              MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT OF
FIRE, AND LEONARD MATARESE, INDIVIDUALLY AND AS
COMMISSIONER OF HUMAN RESOURCES FOR CITY OF
BUFFALO, DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (JOSHUA FEINSTEIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered November 29, 2010. The order, inter alia, granted those parts of plaintiffs' motion seeking partial summary judgment on liability against defendants City of Buffalo and City of Buffalo Department of Fire.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, 13 firefighters employed by defendant City of Buffalo Department of Fire (Fire Department), commenced this action alleging that defendants discriminated against them by allowing promotional eligibility lists created pursuant to the Civil Service Law to expire solely on the ground that plaintiffs, who were next in line for promotion, were Caucasian. On a prior appeal, we determined that Supreme Court erred in granting plaintiffs' cross motion for partial summary judgment on liability but that the court properly denied defendants' motion to dismiss the complaint (*see Margerum v City of Buffalo*, 63 AD3d 1574). Shortly after our decision therein, the United States Supreme Court decided a similar employment discrimination case, *Ricci v DeStefano* (___ US ___, ___, 129 S Ct 2658, 2677), in which it concluded that, "before an employer can engage in intentional discrimination for the asserted purpose of avoiding or remedying an unintentional disparate impact, the employer must have a strong basis in evidence to believe it will be subject to

disparate-impact liability if it fails to take the race-conscious, discriminatory action." The Court further stated that "[a]n employer may defend against [such] liability by demonstrating that the practice is 'job related for the position in question and consistent with business necessity' " (*id.* at 2673). We thereafter denied the motion of defendants for leave to renew their motion to dismiss the complaint and the cross motion of plaintiffs for leave to renew their motion for partial summary judgment on liability (*see Margerum v City of Buffalo*, 66 AD3d 1502).

Plaintiffs subsequently moved for partial summary judgment on liability before Supreme Court, and defendants cross-moved for summary judgment dismissing the complaint. The court, inter alia, granted those parts of plaintiffs' motion on liability with respect to defendant City of Buffalo and the Fire Department (collectively, City defendants). We affirm. We agree with the court that the City defendants did not have a strong basis in evidence to believe that they would be subject to disparate-impact liability if they failed to take the race-conscious action, i.e., allowing the eligibility lists to expire, inasmuch as the examinations in question were job-related and consistent with business necessity (*see Ricci*, ___ US at ___, 129 S Ct at 2678). Thus, the City defendants failed to meet the standard set forth in *Ricci*, and plaintiffs are entitled to summary judgment on liability against them (*see Matter of Buffalo Professional Firefighters Assn., Inc., IAFF Local 282 [City of Buffalo]*, 79 AD3d 1737).

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court