# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**421**

**CA 12-01540**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

EUGENE MARGERUM, ANTHONY HYNES, JOSEPH FAHEY,
TIMOTHY HAZELET, PETER KERTZIE, PETER LOTOCKI,
SCOTT SKINNER, THOMAS REDDINGTON, TIMOTHY CASSEL,
MATTHEW S. OSINSKI, MARK ABAD, BRAD ARNONE AND
DAVID DENZ, PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT OF
FIRE AND LEONARD MATARESE, INDIVIDUALLY AND AS
COMMISSIONER OF HUMAN RESOURCES FOR CITY OF BUFFALO,
DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, BUFFALO (STEPHEN W. KELKENBERG OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CHIACCHIA & FLEMING, LLP, HAMBURG (CHRISTEN ARCHER PIERROT OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 8, 2012. The order, inter alia, awarded economic damages to twelve of the plaintiffs.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reducing the total award for economic damages as follows: plaintiff Eugene Margerum - $288,445; plaintiff Joseph Fahey - $70,567; plaintiff Timothy Hazelet - $211,054; plaintiff Peter Kertzie - $41,638; plaintiff Peter Lotocki - $92,397; plaintiff Scott Skinner - $228,095; plaintiff Thomas Reddington - $64,455; plaintiff Timothy Cassel - $282,819; plaintiff Matthew S. Osinski - $46,171; plaintiff Mark Abad - $0; plaintiff Brad Arnone - $0; and plaintiff David Denz - $40,966, and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiffs, firefighters employed by defendant City of Buffalo Department of Fire (Fire Department), commenced this action alleging that defendants discriminated against them by allowing promotional eligibility lists created pursuant to the Civil Service Law to expire solely on the ground that plaintiffs, who were next in line for promotion, were Caucasian. Previously, we concluded that Supreme Court erred in granting plaintiffs' cross motion for partial summary judgment on liability and properly denied defendants' motion to dismiss the complaint, holding in part that, although the action taken by defendant City of Buffalo (City) was subject to strict scrutiny, plaintiffs had failed to establish "the absence of a compelling interest," particularly because " 'a

sufficiently serious claim of discrimination' may constitute a compelling interest to engage in race-conscious remedial action" (*Margerum v City of Buffalo*, 63 AD3d 1574, 1579).  Shortly after we issued our decision, the United States Supreme Court decided *Ricci v DeStefano* (557 US 557), wherein it held that, "before an employer can engage in intentional discrimination for the asserted purpose of avoiding or remedying an unintentional disparate impact, the employer must have a strong basis in evidence to believe it will be subject to disparate-impact liability if it fails to take the race-conscious discriminatory action" (*id.* at 585).

Following *Ricci*, we affirmed an order that, inter alia, granted those parts of plaintiffs' motion for partial summary judgment on liability with respect to the Fire Department and the City (hereafter, defendants), determining that defendants "did not have a strong basis in evidence to believe that they would be subject to disparate-impact liability if they failed to take the race-conscious action, i.e., allowing the eligibility lists to expire" (*Margerum v City of Buffalo*, 83 AD3d 1575, 1576).  The court thereafter conducted a nonjury trial on the issue of damages, and defendants appeal from an order that awarded a total amount of $2,510,170 in economic damages and a total amount of $255,000 in emotional distress damages to the 12 remaining plaintiffs (hereafter, plaintiffs).  We now conclude that the court's awards for emotional distress were proper, but we agree with defendants that the court erred with respect to its awards for economic damages.

Preliminarily, we conclude that the court did not err in determining that plaintiffs established that their damages were proximately caused by the City's failure to promote from the 2002 eligibility list.  In our view, plaintiffs met their burden of establishing that they would have been promoted but for the City's action in allowing the promotion eligibility lists to expire and suffered economic damages because they were not promoted (*see e.g. County of Nassau v New York State Div. of Human Rights*, 123 AD2d 342, 343).

With respect to the amounts of damages, we note that, upon our review of the court's award of damages in this nonjury trial, we may "independently consider the probative weight of the evidence and the inferences that may be drawn therefrom, and grant the [relief] that we deem the facts warrant . . . This Court's authority, in this regard, extends to the making of appropriate damage awards" (*Walsh v State of New York*, 232 AD2d 939, 940; *see Blakesley v State of York*, 289 AD2d 979, 979, *lv denied* 98 NY2d 605).  We conclude that each amount of damages awarded for emotional distress is reasonable.  We further conclude with respect to economic damages, however, that the court applied the wrong burden of proof and erred in relying on assumptions not supported by the record.

With respect to the burden of proof, we note that the court erred in placing the burden of proof on defendants to establish plaintiffs' economic damages.  Rather, a plaintiff seeking, e.g., damages for loss of future earnings must "provide evidence demonstrating the difference

between what he [or she] is now able to earn and what he [or she] could have earned" in the absence of discrimination (*Burdick v Bratt*, 203 AD2d 950, 951, *lv denied* 84 NY2d 801), although recovery for lost earning capacity may be based on future probabilities and is not limited to actual past earnings (*see Huff v Rodriguez*, 45 AD3d 1430, 1433). Although a plaintiff is not required to establish loss of earnings with absolute certainty, it is a "fundamental premise that loss of earnings or earning capacity must be established with reasonable certainty . . . and will be reduced if based upon mere speculation" (*Toscarelli v Purdy*, 217 AD2d 815, 818). The parties each presented expert testimony on the issue of economic damages, and the experts provided separate calculations for those plaintiffs who were on "injured on duty" (IOD) status. We conclude that the assumptions on which plaintiffs' expert relied are not fairly inferrable from the evidence, and thus his opinion concerning the non-IOD plaintiffs, which was based on speculation about their future job prospects, cannot support the awards made by the court. Instead, we conclude that the awards calculated by defendants' expert with respect to the nine non-IOD plaintiffs are accurately inferrable from the evidence, and we therefore adopt his calculations, as follows: plaintiff Eugene Margerum - $288,445; plaintiff Joseph Fahey - $70,567; plaintiff Timothy Hazelet - $211,054; plaintiff Peter Kertzie - $41,638; plaintiff Peter Lotocki - $92,397; plaintiff Scott Skinner - $228,095; plaintiff Thomas Reddington - $64,455; plaintiff Timothy Cassel - $282,819; and plaintiff Matthew S. Osinski - $46,171. We therefore modify the order accordingly.

Defendants also contend that the court erred in adopting the assumption of plaintiffs' expert that the IOD plaintiffs would have had an 85% chance of becoming permanently disabled, because he based his calculation on 12 months of injury reports rather than on disability data, and particularly because his initial calculation, which he changed when he realized that the tax-free nature of the IOD plaintiffs' benefits would erase the IOD plaintiffs' awards, assumed no likelihood of disability if the IOD plaintiffs had received promotions in 2006. We conclude that the weighted probability calculation of plaintiffs' expert was not established with the requisite "reasonable certainty" (*id.*), and that the court instead should have used the weighted probability calculation of defendants' expert to determine the economic damages of the IOD plaintiffs. Notably, all three IOD plaintiffs testified that they would not have been injured had they been promoted to lieutenant, and other plaintiffs testified that there was less probability of injury at higher ranks. Defendants' expert, using 15 years of disability retirement data, calculated that the risk of retiring on IOD status as a lieutenant was only 58.6% as much as that of a firefighter, a probability higher than the original assumption of plaintiffs' expert and higher than plaintiffs' testimonial probability, but consistent with plaintiffs' view that they would be much less likely to be injured as lieutenants. Because plaintiffs themselves testified that they would not have been injured and retired on IOD status had they been promoted, because plaintiffs' expert initially agreed with that testimony and changed his calculation only when it became clear that the tax equalization of his calculations would "wipe out the [IOD plaintiffs'] loss," and because the recalculated weighted probability of plaintiffs' expert relied only on injury data for a single year, not data relating

to actual disability retirements, we conclude that the IOD plaintiffs, through plaintiffs' own expert, did not establish their economic damages with reasonable certainty.  Thus, the only competent proof in the record regarding the economic damages to the IOD plaintiffs is the calculation of defendants' expert, which awards no damages to plaintiffs Mark Abad and Brad Arnone and $40,966 to plaintiff David Denz.  We therefore further modify the order accordingly.

Entered:  July 5, 2013                    Frances E. Cafarell
                                          Clerk of the Court