■ Pedro Collazo, Appellant, v State of New York, Respondent. [986 NYS2d 604]—

In a claim to recover damages for negligence and medical malpractice, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated September 7, 2012, which, after a nonjury trial, awarded him damages in the principal sums of only $1,600 for past pain and suffering and $0 for future pain and suffering.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof awarding damages for past pain and suffering in the principal sum of $1,600 and substituting therefor a provision awarding damages for past pain and suffering in the principal sum of $4,300; as so modified, the judgment is affirmed, without costs or disbursements.

" 'In a nonjury case, this court has the power to weigh conflicting testimony and inferences that may be drawn from such testimony and can grant the judgment which upon the ev-

idence should have been granted by the trial court' " (*Karagiannis v New York State Thruway Auth.*, 187 AD2d 1009, 1010 [1992], quoting *Mesick v State of New York*, 118 AD2d 214, 219 [1986]). Where, as here, the record is complete, the power extends to making an appropriate award of damages (*see Rivera v State of New York*, 205 AD2d 602 [1994]; *Karagiannis v New York State Thruway Auth.*, 187 AD2d at 1010).

Considering the nature of the claimant's pain and suffering, including his mental anguish concerning his recurring seizure-like episodes accompanied by headaches, dizziness, vomiting, and difficulty breathing, with no diagnosis, and his two hospitalizations over a 43-day period, we find the award for past pain and suffering of the principal sum of $1,600 to be inadequate, and accordingly increase that award to the principal sum of $4,300.

However, the trial court properly declined to grant the claimant an award for future pain and suffering (*see Mosberg v Elahi*, 80 NY2d 941 [1992]; *Tatta v State of New York*, 19 AD3d 817, 818 [2005]). Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.