Xiaoen Xie v Park Place Estate, LLC (2020 NY Slip Op 01522)





Xiaoen Xie v Park Place Estate, LLC


2020 NY Slip Op 01522


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-02771 
2018-02772
 (Index No. 703150/13)

[*1]Xiaoen Xie, respondent-appellant, 
v
Park Place Estate, LLC, appellant-respondent.


David Yan, Flushing, NY, for appellant-respondent.
Ross, Legan, Rosenberg, Zelen & Flaks, LLP, New York, NY (Michael Flaks of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, (1) the plaintiff appeals from a decision of the Supreme Court, Queens County (Janice A. Taylor, J.), dated May 26, 2017, and (2) the defendant appeals, and the plaintiff cross-appeals, from a judgment of the same court entered September 20, 2017. The judgment, insofar as appealed from, upon an order of the same court (Thomas D. Raffaele, J.) entered January 19, 2017, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and upon the decision, made after a nonjury trial on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $371,000. The judgment, insofar as cross-appealed from, awarded the plaintiff damages in the principal sums of only $75,000 for past pain and suffering and $250,000 for future pain and suffering, and failed to award any damages for future loss of earnings and past medical expenses.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff damages for past pain and suffering in the principal sum of $75,000, and substituting therefor a provision awarding the plaintiff damages for past pain and suffering in the principal sum of $400,000, and (2) by adding a provision thereto awarding the plaintiff damages for past medical expenses in the sum of $68,801.79; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Supreme County, Queens County, for the entry of an appropriate amended judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he sustained while working at a construction site in Queens. On the day of the accident, corrugated steel decking—referred to as Q-decking—was being installed on the ground level of the building. Approximately half of the ground floor was covered with Q-decking, but the panels had not yet been [*2]permanently attached to the underlying steel cross beams. The plaintiff was walking across the Q-decking, intending to bring a gas-cutter torch to a coworker who was standing on scaffolding located beyond the area where the Q-decking had been installed. When the plaintiff was approximately 2 feet from the edge of the Q-decking, a panel gave way, causing him to fall approximately 10 feet into the open basement of the building.
After the Supreme Court awarded summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), a nonjury trial on the issue of damages was held. The plaintiff submitted evidence that he sustained a spinal fracture requiring fusion surgery, as well as a head injury involving intracranial hemorrhage. Counsel for both parties stipulated, in open court, that the total medical expenses incurred by the plaintiff for the injures related to the subject accident amounted to $68,801.79.
The Supreme Court awarded the plaintiff damages in the sums of $46,000 for past loss of earnings, $75,000 for past pain and suffering, and $250,000 for future pain and suffering, and did not award the plaintiff any damages for future loss of earnings and past medical expenses. The defendant appeals, and the plaintiff cross-appeals.
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law (see Cross v CIM Group, LLC, 154 AD3d 432; Grigoropoulos v Moshopoulos, 44 AD3d 1003, 1004; Brandl v Ram Bldrs., Inc., 7 AD3d 655), and in opposition, the defendant failed to raise a triable issue of fact.
In a nonjury case, where the record is complete, this Court's power of review extends to making any appropriate award of damages (see Collazo v State of New York, 117 AD3d 980, 981; Rivera v State of New York, 205 AD2d 602, 602). Upon our review of the record, we find that an award of $400,000 for past pain and suffering is warranted by the facts (see Robles v Polytemp, Inc., 127 AD3d 1052; Baird v V.I.P. Mgt. Co., Inc., 60 AD3d 608).
Moreover, the parties' stipulation regarding the plaintiff's past medical expenses should have been enforced by the Supreme Court (see Godfrey v G.E. Capital Auto Lease, Inc., 89 AD3d 471, 479; Sanfilippo v City of New York, 272 AD2d 201).
The parties' remaining contentions are without merit.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court