Montefusco v Main St. L.I., LLC (2021 NY Slip Op 00167)





Montefusco v Main St. L.I., LLC


2021 NY Slip Op 00167


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-03160
 (Index No. 7267/14)

[*1]Susan Montefusco, et al., respondents,
v
Main Street L.I., LLC, appellant.


Farrell Fritz, P.C., Uniondale, NY (James M. Wicks and Franklin C. McRoberts of counsel), for appellant.
Tinari, O'Connell & Osborn, LLP, Central Islip, NY (Frank A. Tinari of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Suffolk County (Martha L. Luft, J.), entered January 22, 2018. The judgment, insofar as appealed from, upon a decision of the same court dated December 26, 2017, made after a nonjury trial, is in favor of the plaintiff Susan Montefusco and against the defendant in the principal sum of $295,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff Susan Montefusco (hereinafter the injured plaintiff) was injured when she tripped and fell after stepping in a hole in a grassy median between a sidewalk and a parking lot in an apartment complex owned by the defendant. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, inter alia, to recover damages for personal injuries. After a nonjury trial, the Supreme Court found the defendant 100% at fault in the happening of the accident and awarded the injured plaintiff damages in the sum of $295,000, including the sum of $85,000 for future pain and suffering. The defendant appeals.
"When reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing and hearing the witnesses" (Superior Vending Servs., Inc. v Workmen's Circle Home & Infirmary Found. for the Aged, N.Y. State Branches, Inc., 148 AD3d 960, 961 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
Despite the defendant's contention to the contrary, the Supreme Court did not fail to consider the issue of the injured plaintiff's comparative negligence. The court's determination that the defendant was 100% at fault in the happening of the accident was warranted by the facts (see Rodriguez v State, 166 AD3d 922, 923). Moreover, "[i]n a nonjury case, where the record is complete, this Court's power of review extends to making any appropriate award of damages" (Xiaoen Xie v Park Place Estate, LLC, 181 AD3d 627, 629). Upon our review of the record, we find that the award of damages in the sum $85,000 for future pain and suffering was warranted by the [*2]facts (see Arcos v Bar-Zvi, 185 AD3d 882, 883).
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court