Parker Waichman, LLP v Mauro (2023 NY Slip Op 02014)

Parker Waichman, LLP v Mauro

2023 NY Slip Op 02014

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-13054
 (Index No. 1215/12)

[*1]Parker Waichman, LLP, plaintiff/counterclaim defendant- appellant, 
v
Michelle Mauro, defendant/counterclaim plaintiff/third-party plaintiff-respondent, David Krangle, et al., defendants/counterclaim plaintiffs-respondents; Jerrold Parker, additional counterclaim defendant- appellant; Gwendolyn Waichman, etc., et al., third- party defendants-appellants.

Robert & Robert, PLLC, Uniondale, NY (Clifford S. Robert and Michael Farina of counsel), for plaintiff/counterclaim defendant-appellant and additional counterclaim defendant-appellant, and Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY (Luke Nikas of counsel), for third-party defendants-appellants (one brief filed).
McCarter & English, LLP, New York, NY (Joseph R. Scholz of counsel), for defendant/counterclaim plaintiff/third-party plaintiff-respondent.
Alonso Krangle, LLP (Andres F. Alonso, sued herein as Andres Alonso, pro se, and Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), defendant/counterclaim plaintiff-respondent pro se and for defendants/counterclaim plaintiffs-respondents David Krangle and Andres Alonso.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for disgorgement of attorneys' fees and compensation, the plaintiff/counterclaim defendant and the additional counterclaim defendant appeal, and the third-party defendants separately appeal, from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered July 9, 2019. The judgment, insofar as appealed from, upon a decision of the same court dated May 15, 2017, made after a nonjury trial, (1) dismissed so much of the amended complaint as sought disgorgement of attorneys' fees and compensation, (2) directed that certain attorneys' fees and expenses earned from certain matters be apportioned and distributed in quantum meruit between the plaintiff/counterclaim defendant and the defendant/counterclaim plaintiff Alonso Krangle, LLP, (3) directed that attorneys' fees from the remaining unresolved matters in which the defendant/counterclaim plaintiff Alonso Krangle, LLP, was substituted as counsel for the plaintiff/counterclaim defendant be divided between them as determined by the court assigned to each of those matters, (4) is in favor of the defendant/counterclaim plaintiff Andres Alonso and against the plaintiff/counterclaim defendant in the principal sum of $676,583.13 on so much of the fourth counterclaim of the defendants/counterclaim plaintiffs as sought employee origination compensation with respect to the Nauss matter, and (5) is in favor of the defendant/counterclaim plaintiff/third-party plaintiff and against the plaintiff/counterclaim defendant and the third-party defendants in the principal sum of $20,000 on the counterclaim/third-party cause of action to recover [*2]damages for employment discrimination on the basis of sex in violation of Executive Law § 296.
ORDERED that the appeal by the additional counterclaim defendant is dismissed, as he is not aggrieved by the portions of the judgment appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from by the plaintiff/counterclaim defendant and the third-party defendants; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
This action, which at its most basic level amounts to a legal fee dispute between two law firms, was commenced by the plaintiff/counterclaim defendant, Parker Waichman, LLP (hereinafter PW), against the defendants/counterclaim plaintiffs, David Krangle, Andres Alonso, and Alonso Krangle, LLP (hereinafter AK), and the defendant/counterclaim plaintiff/third-party plaintiff, Michelle Mauro. Krangle and Alonso were former at-will attorneys of PW and left PW in January 2012 to form their own law firm, AK. Mauro was a former paralegal employed by PW and left PW to join AK sometime between the end of January and beginning of February 2012. In the amended complaint, PW sought, inter alia, disgorgement of seven years of Alonso's, Krangle's, and Mauro's compensation and all attorneys' fees earned by AK from certain personal injury matters in which the plaintiffs-clients chose to discharge PW as their attorney of record and retain AK as their attorney of record. PW's basis for relief was premised upon the application of the faithless servant doctrine, under which PW alleged that while all three individual defendants were still working for PW, Alonso and Krangle, with Mauro's assistance, engaged in an elaborate scheme to steal away PW clients and usurp from PW the legal fees earned from the subject matters, which either settled or resolved in the clients' favor shortly after AK took them over, with PW having done most of the work on the matters before being substituted by AK.
Krangle, Alonso, and AK (hereinafter collectively the AK defendants) asserted counterclaims against PW and the additional counterclaim defendant, Jerrold Parker, a named partner of PW. The AK defendants' fourth counterclaim alleged breach of contract against PW and sought employee origination compensation on behalf of Krangle and Alonso with respect to several matters referred by them to PW while they were employed by PW, including a matter referred by Alonso identified as the Nauss matter. Mauro asserted a counterclaim/third-party cause of action against PW, Parker, and Herbert L. Waichman, a named partner of PW, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296, alleging that Mauro was subjected to sexual harassment by Waichman and a hostile work environment. Waichman died during the pendency of the action, and the administrators of Waichman's estate (hereinafter the administrators) were substituted for him as third-party defendants.
After a nonjury trial, the Supreme Court, inter alia, rejected PW's faithless servant allegations and dismissed so much of the amended complaint as sought disgorgement of compensation and attorneys' fees, directed the apportionment and distribution of the contested attorneys' fees based upon quantum meruit, found in favor of Alonso on so much of the AK defendants' fourth counterclaim as sought employee origination compensation with respect to the Nauss matter and awarded him the principal sum of $676,583.13 as his share of the attorneys' fees for that matter, and found in favor of Mauro and against PW and the administrators on Mauro's counterclaim/third-party cause of action alleging employment discrimination and awarded her the principal sum of $20,000 in compensatory damages. The court dismissed Mauro's counterclaim/third-party cause of action insofar as asserted against Parker. PW and the administrators appeal.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, [*3]60 NY2d 492, 499; Saunders Ventures, Inc. v Catcove Group, Inc., 209 AD3d 893, 896).
Under the faithless servant doctrine, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928, citing Restatement [Second] of Agency § 469). The faithless servant doctrine applies when an employee-agent breaches their duty of loyalty owed to the employer-principal (see Feiger v Iral Jewelry, 41 NY2d at 928; Two Rivs. Entities, LLC v Sandoval, 192 AD3d 528, 529; G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 101, affd 10 NY3d 941; see also Restatement [Second] of Agency § 13). However, there is no obligation on the part of an employee to remain with their employer in the absence of a contractual agreement (see generally Feiger v Iral Jewelry, 41 NY2d at 928). Additionally, in the absence of such an agreement, "[t]aking preparatory steps, while still in the employer's employ, to enter into a competing business is not a breach of an employee's duty of loyalty as long as the employee does not use the employer's time or resources to do so" (Jeremias v Toms Capital LLC, 204 AD3d 498, 499, citing Feiger v Iral Jewelry, 41 NY2d 928), "never lessen[s] his [or her] work" on behalf of the former employer, and "never misappropriate[s] to his[or her] own use any business secrets or special knowledge" (Feiger v Iral Jewelry, 41 NY2d at 929). Further, "[a] law firm does not own a client or an engagement, and is only entitled to be paid for services actually rendered," particularly since "a client's legal matter belongs to the client, not the lawyer" (In re Thelen LLP, 24 NY3d 16, 22, 29). Indeed, clients have the right to terminate the attorney-client relationship with or without cause at any time (see Matter of Cooperman, 83 NY2d 465, 473). Consistent therewith is the recognition that attorneys departing their law firm-employer may inform clients with whom they have a prior professional relationship about their impending withdrawal and new practice, and remind clients of their freedom to retain counsel of their choice, i.e., the new firm, the current firm, or any other firm (see Graubard Mollen Dannett & Horowitz v Moskovitz, 86 NY2d 112, 120).
Contrary to PW's contention, the evidence adduced at trial supports the Supreme Court's determination that, during the relevant time period in question, neither Alonso, Krangle, nor Mauro breached their duty of loyalty to PW under the faithless servant doctrine, such that disgorgement of the subject attorneys' fees and compensation was warranted. Rather, the weight of the evidence supports the conclusion that none of these defendants used PW's time or resources, lessened their work on behalf of PW, or misappropriated for their own use any PW business secrets or special knowledge, while taking preliminary steps to form AK (see Feiger v Iral Jewelry, 41 NY2d 928; Photonics Indus. Intl., Inc. v Xiaojie Zhao, 185 AD3d 1064; Price Paper & Twine Co. v Miller, 182 AD2d 748, 749).
"When there is a fee dispute between the current and discharged attorneys for the plaintiff in an action to which a contingent fee retainer agreement applies, '[t]he discharged attorney may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case'" (Wodecki v Vinogradov, 125 AD3d 645, 646, quoting Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658; see Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458; Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d 1154, 1155). "The issue of apportionment of an attorney's fee is controlled by the circumstances and equities of each particular case, and the trial court is in the best position to assess such factors" (Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1155 [internal quotation marks omitted]; see Pyong Woo Ye v Pasha, 175 AD3d 737, 738; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d 963, 964). "'An award of a reasonable attorney's fees is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed'" (Wodecki v Vinogradov, 125 AD3d at 646, quoting Juste v New York City Tr. Auth., 5 AD3d 736, 736; see Pyong Woo Ye v Pasha, 175 AD3d at 738; Rodriguez v Ryder Truck Rental, Inc., 171 AD3d at 964).
Contrary to PW's contention, the Supreme Court's quantum meruit apportionment of the attorneys' fees at issue here was a provident exercise of the court's discretion and not against the weight of the evidence. The court's determination was supported by evidence adduced at trial [*4]reflecting the time and labor expended by each of the firms, the difficulty of the issues involved, the skill required to handle each of the matters at issue, and the effectiveness of the legal work performed by each firm (see Robinson & Yablon, P.C. v Sacco & Fillas, LLP, 192 AD3d at 1156; Pyong Woo Ye v Pasha, 175 AD3d at 738).
Under Executive Law § 296(1)(a), "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer . . . , because of an individual's . . . sex, . . . to discriminate against such individual in compensations or in terms, conditions or privileges of employment." An employment discrimination cause of action may proceed on a hostile work environment theory (see Harris v Forklift Sys., Inc., 510 US 17, 21; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310-311; Ortega v Bisogno & Meyerson, 2 AD3d 607). A hostile work environment on the basis of sex exists "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (Harris v Forklift Sys., Inc., 510 US at 21 [citation and internal quotation marks omitted]; see Meritor Sav. Bank, FSB v Vinson, 477 US 57, 67; Forrest v Jewish Guild for the Blind, 3 NY3d at 310). A determination as to whether a work environment is hostile must be made by considering all the circumstances, including the frequency and severity of the discriminatory conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with work performance, and the conduct must create an environment that is both subjectively and objectively hostile (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310-311; Matter of Oz Trucking & Rigging Corp. v New York State Div. of Human Rights, 178 AD3d 935).
Contrary to PW and the administrators' contentions, the liability verdict against them and in favor of Mauro on her hostile work environment counterclaim/third-party cause of action was not against the weight of the evidence adduced at trial, which included, inter alia, Mauro's testimony of being subjected on numerous occasions to physical and verbal sexually inappropriate conduct by Waichman while working for him, and sexually explicit work emails sent by Waichman to Mauro (see Forrest v Jewish Guild for the Blind, 3 NY3d at 310; Matter of Oz Trucking & Rigging Corp. v New York State Div. of Human Rights, 178 AD3d at 937; Sier v Jacobs Persinger & Parker, 276 AD2d 401, 401). Further, the $20,000 compensatory damages awarded to Mauro for mental anguish and humiliation was not against the weight of the evidence and was warranted by the facts (see generally Montefusco v Main St. L.I., LLC, 190 AD3d 727, 727; Xiaoen Xie v Park Place Estate, LLC, 181 AD3d 627, 629).
PW's remaining contentions are without merit.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court