We Transp., Inc. v Westbury Union Free Sch. Dist. (2023 NY Slip Op 04394)

We Transp., Inc. v Westbury Union Free Sch. Dist.

2023 NY Slip Op 04394

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-09193
 (Index No. 612400/20)

[*1]We Transport, Inc., respondent, 
v
Westbury Union Free School District, appellant.

Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller and Brittany Frank of counsel), for appellant.
Gerstman Schwartz, LLP, Garden City, NY (Randy E. Kleinman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated October 13, 2021. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. The plaintiff, a school bus transportation contractor for the defendant school district, alleged that the defendant breached a contract between the parties by refusing to pay for transportation services that the plaintiff stood ready to provide during the months of March, April, May, and June 2020. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 13, 2021, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals from so much of the order as denied its motion.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
The Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of contract. "The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting [*2]damages" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted]; see Stewart v Berger, 192 AD3d 940, 941). "[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 960 [internal quotation marks omitted]; see Barker v Time Warner Cable, Inc., 83 AD3d 750, 751). Here, the complaint failed to specify the provision of the parties' contract that was allegedly breached and, in particular, no provision was identified that would permit the plaintiff to recover payment from the defendant in exchange for being available to provide transportation services (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 960).
Additionally, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging quasi contract sounding in restitution and unjust enrichment. The parties do not dispute that a contract governing transportation services for the relevant time period exists; moreover, the complaint fails to sufficiently allege that the defendant was enriched or otherwise received a benefit at the plaintiff's expense to support a cause of action alleging quasi contract sounding in restitution or unjust enrichment (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 961).
Finally, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153).
Accordingly, we reverse the order insofar as appealed from and grant the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court