Ferdous v Hasan (2025 NY Slip Op 01789)

Ferdous v Hasan

2025 NY Slip Op 01789

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-01005
 (Index No. 706543/22)

[*1]Jannatul Ferdous, et al., respondents, 
v
Barnali Hasan, et al., appellants, et al., defendants.

Kutner Friedrich, LLP, New York, NY (John P. Krajewski of counsel), for appellant Barnali Hasan.
Hall Booth Smith, P.C., New York, NY (Jeffrey T. Wolber of counsel), for appellant Mahfujul Hasan.
Lilia Ayers, Mount Vernon, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and hostile work environment on the basis of sex, the defendant Barnali Hasan appeals, and the defendant Mahfujul Hasan separately appeals, from an order of the Supreme Court, Queens County (Laurentina S. McKetney-Butler, J.), entered December 19, 2022. The order denied the separate motions of the defendant Barnali Hasan and the defendant Mahfujul Hasan pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendant Barnali Hasan pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her, and substituting therefor a provision granting that defendant's motion, and (2) by deleting the provision thereof denying those branches of the motion of the defendant Mahfujul Hasan which were to dismiss the first, second, third, fourth, fifth, seventh, and eighth causes of action insofar as asserted against him, and substituting therefor a provision granting those branches of that defendant's motion; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendant Barnali Hasan.
The plaintiff Jannatul Ferdous was employed by Efficient Medical & Dental Care, P.C., which was operated by the defendants Barnali Hasan, a physician, and Mahfujul Hasan, a dentist (hereinafter together the defendants). Additionally, the plaintiffs were the defendants' residential tenants. The plaintiffs commenced this action, inter alia, against the defendants to recover damages for intentional infliction of emotional distress, breach of contract, unjust enrichment, and hostile work environment on the basis of sex. The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them. In an order entered December 19, 2022, the Supreme Court denied the separate motions.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit [*2]within any cognizable legal theory" (Floral Park Ophthalmology, P.C. v Ruskin Moscou Faltischek, LLP, 216 AD3d 1136, 1136 [internal quotation marks omitted]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
The Supreme Court should have granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss, insofar as asserted against each of them, the causes of action alleging malicious prosecution (second cause of action), fraud in the inducement (fourth cause of action), breach of a lease (seventh cause of action), and violation of Real Property Law § 235-d (eighth cause of action). The plaintiffs have abandoned these causes of action insofar as asserted against the defendants by failing to address them in opposition to the defendants' separate motions and in their brief on appeal (see Elam v Ryder Sys., Inc., 176 AD3d 675).
"In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege 'conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" (Ratto v Oliva, 195 AD3d 870, 873 [internal quotation marks omitted], quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 303). Here, in support of this cause of action, the plaintiffs alleged in their complaint that "Defendant" filed "false charges of the crime of assault." This alleged conduct was not so outrageous in character or extreme in degree as to support a cause of action alleging intentional infliction of emotional distress (see Zapata v Tufenkjian, 123 AD3d 814, 816).
"[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 866 [internal quotation marks omitted]). Here, the complaint failed to identify any specific provisions of the parties' contract or contracts which were alleged to have been breached (see id.; Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960).
"[T]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of an agreement" (Port Auth. of N.Y. & N.J. v Brooklyn Union Gas Co., 179 AD3d 1106, 1108 [internal quotation marks omitted]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v. Verizon N.Y., Inc., 18 NY3d 777, 790). Here, the plaintiffs' unjust enrichment cause of action duplicated their breach of contract causes of action, as the complaint merely alleged that unjust enrichment resulted from the defendants' breach of an employment contract and residential lease.
"A hostile work environment on the basis of sex exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment'" (Parker Waichman, LLP v Mauro, 215 AD3d 869, 874 [internal quotation marks omitted], quoting Harris v Forklift Systems, Inc., 510 US 17, 21; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310).
Here, the vague allegation against Barnali Hasan that, on one occasion, she acted in a manner that was "intimidating, cruel and vicious" was insufficient to state a cause of action to recover damages for hostile work environment (see Polite v Marquis Marriot Hotel, 195 AD3d 965, 967).
However, accepting the facts as alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the plaintiffs sufficiently alleged a cause of action to recover damages for a hostile work environment against Mahfujul Hasan, based upon allegations of improper touching and sexual advances toward the plaintiff Jannatul Ferdous (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1003).
Accordingly, the Supreme Court should have directed dismissal of the complaint insofar as asserted against Barnali Hasan and should have directed dismissal of all of the causes of action insofar as asserted against Mahfujul Hasan, except for the sixth cause of action, which was to recover damages for a hostile work environment.
The plaintiffs' remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court